UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| DJAMILA ACKLIN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No.: _____ |
| | ) |
| | ) |
| AXA ADVISORS, L.L.C., *a.k.a.*, | ) |
| AXA EQUITABLE LIFE | ) |
| INSURANCE COMPANY, | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT

COMES NOW Plaintiff, Djamila Acklin, (hereinafter "Acklin") Plaintiff in the above styled cause, and respectfully submits this Complaint for damages as follows:

### PARTIES, JURISDICTION, and VENUE

1.

Plaintiff Djamila Acklin is the surviving spouse of Ray J. Acklin. She is a citizen and resident of Liberty County, Georgia and is subject to the jurisdiction of this Court. She resides in the Southern District of Georgia, Savannah Division.

2.

Defendant AXA Advisors, LLC, a.k.a. AXA Equitable Life Insurance Company, (AXA) is a Foreign Company (Delaware), with its principal place of business located at 1290 Avenue of the Americas, New York, New York 10104. It is qualified to transact business in the State of Georgia, and is subject to jurisdiction of this Court.

3.

Service of process upon the Defendant may be perfected by serving its Executive Vice President, George Diamantis, at 3348 Peachtree Rd., N.E., #800, Atlanta, Georgia 30326-1443. Service of Process upon the Defendant may also be perfected by serving its Registered Agent "Corporate Service Company", located at 40 Technology Parkway, South #300, Norcross, Georgia 30092.

4.

This Court has original jurisdiction as to this action under 28 U.S.C. § 1332 since the parties are diverse in citizenship and the matter in controversy exceeds $75,000.00. Venue is proper pursuant to 28 U.S.C. § 1391.

### FACTUAL ALLEGATIONS

5.

Plaintiff re-alleges and incorporates by reference all allegations contained in the foregoing Paragraphs as if fully alleged herein.

6.

On or about March 9, 2005, Plaintiff's husband, now deceased, completed and signed and delivered an application for a term life insurance policy to be issued by Defendant, AXA Life Insurance.

7.

Thereafter, on or about March 18, 2005, Defendant issued its "term life" life insurance policy number 105 004 610, to Plaintiff's husband, insuring him for $634,764.00, the face amount of the policy. (See Exhibit 1, AXA Policy 105 004 610)

8.

Plaintiff's husband paid premiums in the amount of $86.98 to Defendant from the date of his application on March 9, 2005 and then monthly, automatic withdrawal on the first day of each month in the amount of $86.98.  Mr. Acklin paid premiums and maintained the policy current until he died.

9.

Mr. Acklin died on or about April 26, 2008.  The AXA policy was in force at the time of his disappearance and death.

10.

On or about April 26, 2008, the Plaintiff's husband disappeared while the he and his wife were visiting East Chicago, Indiana.

11.

Mr. Ray Aklin was last seen by the Plaintiff on April 25, 2008 early afternoon. Mr. Aklin told the Plaintiff he was going to play cards, but never returned. The following day Mr. Aklin still had not returned so the Plaintiff filed a missing person's report with the East Chicago Police Department.

12.

Almost a year later, on or about April 1, 2009, a severely decomposed body was discovered in Kankakee County, Illinois. Kankakee County, Illinois is approximately 20 miles south west of East Chicago, Indiana. The body remained unidentified until July 2011 at which time the body was identified as Mr. Ray Aklin.

13.

The Plaintiff did not know of her husband's whereabouts or about his death until authorities identified Mr. Aklin's body in July 2011.

14.

The Plaintiff provided notice of Mr. Aklin's death and inquiry as to her benefits under the AXA Equitable Life Insurance Policy within three months of discovering her husband had died. AXA Equitable Life Insurance, in a letter dated October 10, 2011, advised the Plaintiff that the policy had terminated on August 1, 2008.

## BREACH OF CONTRACT

15.

Plaintiff re-alleges and incorporates by reference all allegations contained in the foregoing Paragraphs as if fully alleged herein.

16.

Subsequently, despite the fact that Plaintiff's husband had been paying his premiums up to the day of his disappearance and death; and that Defendant had accepted his application, had accepted his premiums and had issued the policy, Defendant denied coverage to Plaintiff under the policy.

17.

Plaintiff mailed a demand to Defendant pursuant to O.C.G.A § 33-4-6 and O.C.G.A. 33-25-10, demanding that Defendant pay the benefits offered under the life insurance policy pursuant to the contract. Defendant received the Demand letter on January 22, 2013.

18.

Defendant has failed to pay the Plaintiff benefits of her husband's life insurance policy. Defendant's refusal to pay constitutes a breach of contract.

19.

Over Sixty days has expired since such demand was served upon the Defendant. Defendant to refuses to pay any benefits under the life insurance policy and has continued to act in bad faith.

20.

All conditions precedent to the filing of this lawsuit have been met.

**WHEREFORE**, Plaintiff prays for the following relief:

1. That summons of process issued and be served upon Defendant;

2. For a trial by a jury;

3. That Plaintiff be awarded the face amount of the insurance policy together with all statutory penalties recoverable under Georgia law;

4. That Defendant be held liable for damages to Plaintiff;

5. That Plaintiff be awarded an appropriate sum to compensate her for her damages;

6. That Plaintiff be awarded Attorney's fees and other expenses of litigation;

7. That Plaintiff be awarded interest pursuant to O.C.G.A. 33-25-10; and

8. Such other and further relief as the Court deems just and proper.

[SIGNATURES ON FOLLOWING PAGE]

Respectfully submitted, this  24th  day of   JUNE  , 20 13  .

                        /s/ MIGUEL COSSIO
                        Miguel Cossio
                        Georgia Bar No.: 315411

Miguel A. Cossio, Esq.
Cossio & Woodward, LLC
48 West Montgomery Crossroads, Suite 101
Savannah, Georgia  31406
Phone:  (912) 925-0003
Facsimile:  (855) 261-1184
MCossio@CWLawGroup.net

                        /s/ JAMES E. CARTER
                        James E. Carter
                        Georgia Bar No.: 113300

James E. Carter, Esq.
345 W. Hancock Ave.
Athens, GA 30601
Phone: (706) 395-2750
Facsimile: (866) 766-9245
jcarter@hurtstolz.com