IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

DJAMILA ACKLIN, )
 )
    Plaintiff, )
 )
v. ) CASE NO. CV413-149
 )
AXA EQUITABLE LIFE INSURANCE )
COMPANY, )
 )
    Defendant. )
 )

## O R D E R

Before the Court is Defendant AXA Equitable Life Insurance Company's Motion to Dismiss for Lack of Jurisdiction and for Failure to State a Claim. (Doc. 13.) In April of 2008, Plaintiff's husband disappeared while the couple was visiting Chicago. (Id. at 2.) At that time, Plaintiff's husband held a life insurance policy with Defendant. (Id.) However, Defendant terminated that policy on August 1, 2008 based on the failure to pay the required premiums. (Id.) Unfortunately, Plaintiff's husband's body was discovered by authorities in 2009, but was not positively identified until July 2011. (Id.)

In the interim, Plaintiff filed for Chapter 7 bankruptcy in August of 2010. (Id. at 2-3.) As part of her bankruptcy proceedings, Plaintiff did not list any interest in her husband's terminated life insurance policy. (Id. at 3.) Plaintiff obtained a discharge in bankruptcy

and her Chapter 7 case was closed on March 4, 2011, approximately four months prior to authorities positively identifying the remains of her husband. (Id.)

After learning that her husband's remains had been identified, Plaintiff made a claim under the life insurance policy in October of 2011. (Doc. 1 ¶ 14.) Defendant denied the claim, stating that the policy terminated on August 1, 2008. (Id.) In her complaint, Plaintiff alleges Defendant breached the terms of the life insurance contract because her husband died sometime between April 2008—the date he disappeared—and August 1, 2008—the date the policy lapsed. (Id. ¶¶ 16-18.)

In its Motion to Dismiss, Defendant seeks dismissal based on Plaintiff's failure to list any interest in the life insurance policy during her 2010 Chapter 7 bankruptcy. (Doc. 13, Attach. 1 at 1-2.) However, subsequent to filing that motion, the Bankruptcy Court granted Plaintiff's request to reopen her case. In re Djamila Acklin, 10-41732-EJC, Doc. 40 (Bankr. S.D. Ga. Sept. 30, 2013). In addition, that court has subsequently appointed a Chapter 7 Trustee. Id. Doc. 45 (Bankr. S.D. Ga. Oct. 22, 2013). Following the appointment, Plaintiff filed an Amended

Schedule B listing her interest in the life insurance policy. Id. Doc. 46 (Bankr. S.D. Ga. Oct. 24, 2013).

Because Plaintiff's Chapter 7 case has been reopened, this Court concludes that the proper course is to allow the bankruptcy proceedings to progress to their conclusion before taking any action in this case. Therefore, Defendant's motion is **DISMISSED**. Defendant shall be permitted to refile its motion if necessary in light of the outcome of Plaintiff's reopened bankruptcy case.

SO ORDERED this 19th day of March 2014.

WILLIAM T. MOORE, JR
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA